JESSICA C. McELFRESH (SBN 265209)
Law Offices of Jessica C. McElfresh
11622 El Camino Real Ste. 100
San Diego, CA 92130
Tel: (858) 756-7107
Fax: 858) 225-6700

IN THE UNITED STATES DISTRICT COURT

FOR THE SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| STELE CLARKE SMITH III,<br>an Individual,<br><br>Plaintiff,<br><br>v.<br><br>SAN DIEGO AMERICANS FOR SAFE ACCESS, an entity of unknown form; SAN DIEGO ASA, an entity of unknown form; AMERICANS FOR SAFE ACCESS, a California corporation; AMERICANS FOR SAFE ACCESS FOUNDATION, a California corporation; and DOES 1 through 100, Inclusive,<br><br>Defendants. | Case No. **'13CV1463 BTM BGS**<br><br>**DEFENDANTS' NOTICE OF REMOVAL** |

PLEASE TAKE NOTICE THAT, pursuant to 28 U.S.C. §§ 1331, 1441, and 1446, defendants San Diego Americans for Safe Access, San Diego ASA, San Diego Chapter of Americans for Safe Access, Americans for Safe Access, and Americans for Safe Access Foundation, Eugene Davidovich, Paul Marini, and Talana Latimer (collectively "ASA") hereby remove Case No. 37-2013-00050110-CU-MC-CTL from the Superior Court of the State of California for the County of San Diego, Central District, to the United States District Court for the Southern District of California. As grounds for its removal, ASA states as follows:

**STATEMENT OF FACTS**

ASA has been using the name "Americans for Safe Access" since its formation in 2002 in response to federal raids on medical marijuana dispensaries and providers. *See* Exhibit 12, Declaration of Allayne Steph Sherer [Sherer Decl.] ¶3. As explained by its founder, the name of the organization was developed in large part because it mirrored the name of the Administrator of the Drug Enforcement Organization, ASA Hutchinson. *Id.* at ¶3. ASA has expended considerable resources over more than a decade developing its name and mark. *See id.* at ¶¶3 & 4.

In 2007, plaintiff Steele Clarke Smith III ("Smith") lost an election as the President of ASA's Orange County Chapter, which has caused him to become extremely disgruntled towards the organization. *See* Sherer Decl. [Exhibit 12] ¶5. As payback, Smith filed a fraudulent service mark application with the United States Patent and Trademark Office ("USPTO") on or about June 1, 2011, Registration No. 4,219,630, asserting that he was the true owner of the ASA logo and/or name. *See* Sherer Decl., Exhibit 1 at p. 4. In particular, Smith fraudulently claimed that he was not aware of any other individual or organization who was using the ASA mark when he filed his registration. *See id.* Subsequently, Smith registered additional domain names incorporating ASA's mark. *See id.* This prompted ASA to file for cancellation of the uncontested registration with the Trademark Trial and Appeal Board ("TTAB") on March 18, 2013. *See* Sherer Decl., Exhibit 1. This proceeding is pending. *See* Sherer Decl. ¶7.

Rather than allow this federal proceeding to run its course, in an attempt to disrupt ASA's nonprofit operations, Smith filed a complaint on May 24, 2013, in state court under the Lanham Act seeking to prevent ASA and others from using the service mark "Americans for Safe Access." *See* Exhibit 1. Four days later, on May 28, 2013, Smith filed an *ex parte* application for a temporary restraining order ("TRO") against ASA preventing ASA from using its own service mark, *see* Exhibit

5, which was initially granted by the trial court without a written response by ASA, *see* Exhibit 7. ASA responded with its own *ex parte* application to dissolve the TRO on June 5, 2013, *see* Exhibit 12, which was granted by the trial court, due to Smith's failure to post the require undertaking, *see* Exhibit 14. Smith has thus far failed to file any proofs of service.

## SUMMARY OF THE CASE

On May 24, 2013, plaintiff Smith filed a complaint in the Superior Court of the State of California for the County of San Diego, Central District, captioned *Smith v. San Diego Americans for Safe Access*, et al., Case No. 37-2013-00050110-CU-MC-CTL ("State court action"). A copy of this complaint is attached hereto as Exhibit 1. On or about June 3, 2013, Smith filed various amendments to the complaint, adding Eugene Davidovich, Paul Marini, Talana Latimer, and Another Corporate ISP LLC dba Monkey Brains ("Monkey Brains") as defendants. True and correct copies of the purported "Doe" amendments are attached hereto as Exhibits 8-11. He contends that he served ASA with the complaint on that date.

The complaint and amended complaint purport to assert a single cause of action under the Lanham Act, 15 U.S.C. § 1125, which seek declaratory and injunctive relief.

## FEDERAL QUESTION JURISDICTION UNDER 28 U.S.C. § 1331

This Court has jurisdiction over this matter under 28 U.S.C. § 1331 because this case involves a federal question under the Lanham Act. *See* 28 U.S.C. § 1441(a).

Venue is proper in this judicial district, subject to a subsequent motion for change of venue, under 28 U.S.C. §§ 1441(a) and 1446(a) because the United States District Court for the Southern District of California is the federal judicial district embracing the Superior Court in and for the County of San Diego, which is where the state court action was originally filed.

## ALL PROCEDURAL REQUIREMENTS FOR REMOVAL HAVE BEEN SATISFIED

Pursuant to 28 U.S.C. § 1446(a), a true and correct copy of all of the process, pleadings, orders, and documents from the state court action are attached hereto as exhibits to this Notice of Removal.

Although Smith has yet to file any proofs of service in state court, he contends that he served ASA on June 3, 2013. Because the instant Notice of Removal was filed within 30 days of that date, removal is timely under 28 U.S.C. § 1446(b).

All defendants who have been named in this action, with the exception of improvidently named Monkey Brains, who plaintiff has agreed in writing to dismiss, has consented to the filing of this Notice of Removal.[1]  Written consent of all remaining defendants will be forthcoming.

## CONCLUSION

By this Notice of Removal, defendants do not waive any objections they may have to service, jurisdiction or venue, or any other objections they may have to this action. Removal of this case to federal court under the federal Lanham Act is entirely proper.

DATED:       June 25, 2013              Respectfully submitted,

                                          /s/  Jessica C. McElfresh
                                         JESSICA C. McELFRESH

---

[1] Although the usual rule is that all defendants in an action in a state court must join in a petition for removal, *see Chicago, R.I. & P.R. Co. v. Martin*, 178 U.S. 245, 248, the "rule of unanimity" does not apply to "nominal, unknown or fraudulently joined parties," *see Emrich v. Touche Ross & Co.*, 846 F.2d 1190, 1193 n.1 (9th Cir.1988). Furthermore, Doe defendants need not consent to removal. *See Fristoe v. Reynolds Metals Co.*, 615 F.2d 1209, 1213 (9th Cir. 1980).